IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| NESTLE RENFRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:19-cv-195 |
| v. | ) |
| | ) |
| CRITICAL RESOLUTION | ) |
| MEDIATION, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, NESTLE RENFRO, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, CRITICAL RESOLUTION MEDIATION, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. NESTLE RENFRO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lawrenceburg, County of Dearborn, State of Indiana.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Citibank (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, UNIFUND CCR, LLC purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. CRITICAL RESOLUTION MEDIATION, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant's principal place of business is located in the State of Georgia. Defendant is registered as a limited liability company in the State of Georgia.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Upon information and belief, Defendant was hired by UNIFUND CCR, LLC to collect the Debt from Plaintiff.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

16. In or around January of 2019, Defendant contacted Plaintiff via telephone in an attempt to collect the Debt.

17. At that time, Defendant stated to Plaintiff that she owed a balance in the $5,000.00 range, but Defendant and Plaintiff agreed that Plaintiff could pay the Debt in full in three payments of $891.00 each.

18. Accordingly, Plaintiff provided Defendant with her debit card information and permitted Defendant to take the three payments over the course of three months.

19. In April of 2019, Plaintiff received notice that UNIFUND CCR, LLC, was attempting to garnish her wages.

20. At that time, for the first time, Plaintiff learned that in 2013, UNIFUND CCR, LLC, had filed a lawsuit against Plaintiff to collect the Debt and obtained a judgment by default.

21. Also at that time, Plaintiff discovered that Defendant had never debited any of the agreed-upon payments from Plaintiff's bank account.

22. Upon learning of the lawsuit, and of UNIFUND CCR, LLC's attempts to garnish her wages, Plaintiff contacted Defendant by telephone to discuss why her wages would be garnished when she had already entered into an agreement to pay the Debt with Defendant.

23. During Plaintiff's efforts to resolve these issues, she communicated with a duly authorized representative of Defendant who identified himself as Michael Waller, who was the

same representative with whom Plaintiff spoke in January of 2019 when Plaintiff and Defendant agreed to a plan to pay the Debt in three payments of $891.00.

24. During the communications between Plaintiff and Defendant in April of 2019, Mr. Waller stated to Plaintiff that he was unable to determine why Defendant failed to take any of the agreed-upon payments, but that in order to stop the garnishment, Plaintiff would be required to pay an additional $1,200 on top of what she had previously agreed to pay Defendant.

25. On April 22, 2019, Plaintiff, feeling as though she had no other options to avoid garnishment, paid the increased amount demanded by Defendant.

26. Defendant's representations in its communications with Plaintiff, as delineated above, were false, deceptive and misleading given that Plaintiff and Defendant had already agreed to a payment plan to pay the Debt in full when Defendant demanded an additional $1,200.00.

27. Moreover, Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

28. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    d. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

29. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

30. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NESTLE RENFRO, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**NESTLE RENFRO**

Dated: September 17, 2019    By:   s/ David M. Marco
    Attorney for Plaintiff

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com